## Forst's Adoption.

*N. S. Winnet* and *B. I. De Young*, for petitioners.
*Cornelius C. O'Brien*, contra.

GEST, J., Nov. 22, 1929.—We do not think it necessary to discuss the matters of pleading and practice referred to in the argument. The President Judge, who presided at the hearing of this petition, held two sessions of court, and all the material facts were brought out before him. Nor do we think, in view of all the testimony on the subject, that the question of the religious belief of the parties is at all controlling.

In this case, the parents of the boy, who was born in November, 1914, were divorced in 1924, and the petitioner, Alfred Lorenz, soon afterwards married Pauline Forst, the mother of the minor, and she naturally took the minor to live with her. Alfred Lorenz has, by a former marriage, a son of almost the same age as Howard Forst. Harry S. Forst, the father, remarried, and has issue by his second wife. He withholds his consent to the adoption of his son by the petitioner, and the question for us is whether, despite his objection, an adoption should be decreed. The Act of April 4, 1925, P. L. 127, which imposed this burden upon the Orphans' Court, provides that the consent of the parent shall be necessary unless the parent has been adjudged a lunatic or habitual drunkard or has abandoned the child. Nothing is alleged against the character of Harry S. Forst, and the narrow question is whether he abandoned his son Howard within the meaning of the act of assembly.

The adoption of a minor child is a serious matter, for, by the decree, it is taken from the family of its parent and made a member of another, and, as the decree is practically irrevocable, it should not be entered in the face of objection by a natural parent without careful consideration. Abandonment is a matter of intention, and that intention must be clearly proved as a necessary result from the facts of the case. To abandon means, in general, to desert or forsake or to give up all claim to. In Winans v. Luppie, 47 N. J. Eq. 302, cited by Reed, J., in Denny's Adoption, 11 D. & C. 611, the court

said: " 'The statutory notion of abandonment does not necessarily, we think, imply that the parent had deserted the child or even ceased to feel any concern for its interests. It fairly may, and in our judgment does, import any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child.' " The President Judge did not find in this case sufficient testimony to satisfy him that the father in this case had forfeited his parental rights. On the contrary, he found that the father's financial condition has been such that he has been unable to support his child, who, as we stated, is living with his mother. The father's failure to support has, therefore, not been wilful, but due to circumstances beyond his control. It cannot possibly be argued that a poor man's child can be adopted against his will by persons who happen to have more money and are able to bring up the child in greater luxury.

On the record before us, we are clearly of opinion that the decree dismissing the petition for adoption was entirely proper. We think, however, that the petition should be dismissed without prejudice to the right of the petitioners to renew their petition at some appropriate time in the future, when the circumstances of the case may have changed. With this modification, the exceptions to the decree are dismissed.